UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>            Plaintiff,<br><br>    v.<br><br>THE U.S. IMMIGRATION & NATURALIZATION SERVICE,<br><br>            Defendant. | Case No. 20-cv-04493-JD<br><br>**ORDER RE IFP APPLICATION AND DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 2 |

Pro se plaintiff Tatyana Drevaleva filed a "petition for [a] writ of mandate" to compel the United States Citizenship and Immigration Services to grant permanent residency to Valentina Volkova, an individual who moved to the United States from Ukraine and died before her Green Card interview. Dkt. No. 1. Drevaleva has asked to proceed in forma pauperis ("IFP"). Dkt. No. 2. The request is granted, and the complaint is dismissed.

IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether the plaintiff's financial status excuses payment of the court's filing fees. The answer here is yes. Drevaleva states that she has a very modest monthly income from providing in-home care services, and substantial debts. Dkt. No. 2. Drevaleva meets the financial qualification for IFP status.

The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Drevaleva gets a liberal construction of her complaint and the benefit of any doubts, but she still

1   must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

The legal basis for the petition is not stated, and the Court construes it as arising under the mandamus provisions in 28 U.S.C. § 1361. Mandamus is an extraordinary remedy that is available "only when '(1) the plaintiff's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.'" *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003) (quoting *Oregon Natural Res. Council v. Harrell,* 52 F.3d 1499, 1508 (9th Cir.1995)); *see also Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

The petition here fails on all three elements. Drevaleva indicates that she was not legally related to Volkova, but was a friend. Dkt. No. 1 ¶¶ 4, 9. She "believes" Volkova was seeking a Green Card so that her children, who live in Ukraine and Moscow, could immigrate to the United States. *Id*. ¶¶ 4, 10. Drevaleva does not know the legal basis of Volkova's residency application, or her USCIS case number, or anything else about Volkova's immigration proceedings. She saw something online about permanent residency for deceased individuals that she believes applies here, and cites 8 U.S.C. § 1154. *Id*. ¶ 11.

None of this comes close to stating a plausible claim for mandamus relief. It is not at all clear that Drevaleva has any basis for relief under Section 1154, which addresses claims for residency and citizenship by family members, which she is not. Section 1154 is a complicated statute, and its interpretation and application by the USCIS to individual cases cannot be said to be merely ministerial in any respect. And to the extent the children are interested, they are perfectly free to pursue United States citizenship or residency on their own.

Consequently, the case is dismissed and closed. While the Court typically would grant leave to amend, it is clear here that Drevaleva cannot state any facts that might plausibly state a claim for mandamus relief, and so amendment would be futile. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). All other pending motions and requests are terminated as moot.

2

Drevaleva is advised that no further filings of any sort will be permitted without the Court's prior approval.

**IT IS SO ORDERED.**

Dated: December 17, 2020

JAMES DONATO
United States District Judge